IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRANDON STANFORD LAI,** | § | |
| *Plaintiff* | § | |
| | § | **A-20-CV-533-RP-SH** |
| **v.** | § | |
| | § | |
| **STEVEN MNUCHIN, UNITED** | § | |
| **STATES SECRETARY OF THE** | § | |
| **TREASURY,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   **THE HONORABLE ROBERT PITMAN**
      **UNITED STATES DISTRICT JUDGE**

Before this Court are Brandon Stanford Lai's ("Plaintiff") Motion to Proceed *In Forma Pauperis* (Dkt. 2); Plaintiff's Motion for Immediate Emergency Hearing (Dkt. 3);[1] and Plaintiff's Motion for Permission to File Electronically (Dkt. 4).[2] On May 14, 2020, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status

---

[1] Because the Court has granted Plaintiff *in forma pauperis* status, there is no need for a hearing on the Motion for *In Forma Pauperis* status. Accordingly, the Court **DENIES** Plaintiff's Motion for Immediate Emergency Hearing (Dkt. 3).

[2] The Court **GRANTS** Plaintiff's Motion for Permission to File Electronically (Dkt. 4).

and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, this Court has conducted a § 1915(e) review of the claims made in the Complaint and is recommending that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time on the Defendant.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).

**B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)**

While Plaintiff's Civil Cover Sheet describes his lawsuit as a "suit to recover property in time of war"[3] under 50 U.S.C. 4309 and invokes the United States Constitution, his Complaint reveals that he is seeking the reversal of state court rulings and judgments against him. Although much of Plaintiff's Complaint contains nonsensical and incomprehensible statements and allegations, Plaintiff seeks the return of certain property at issue in his state district court and probate court proceedings. *See* Dkt. 1 at 6 (listing Plaintiff's various state court actions). This Court lacks the jurisdiction to review the state court's rulings in these underlying cases.

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks" on state court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If a federal question arose in the state proceeding, Plaintiff needed to raise it for the state court to resolve. *Liedtke*, 18 F.3d at 317. If the state court erred, Plaintiff's sole federal recourse after exhausting his state appeals was to apply for a writ of certiorari to the United States Supreme Court. *Id.* Instead of doing that, he filed suit in a federal district court. The Court does not have jurisdiction to consider his collateral attack on the state court judgments. *See Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020) (finding plaintiff's request to have state probate court issue a new order was barred under *Rooker-Feldman* doctrine); *Liverman v. Office of Prob.*

---

[3] Dkt. 1-3.

*Clerk of Upton Cty.*, No. 7:18-CV-00141-DC-RCG, 2019 WL 886015, at *2 (W.D. Tex. Jan. 25, 2019) (holding that the court did not have jurisdiction to review plaintiff's challenge to probate court's rulings under the *Rooker-Feldman* doctrine), *report and recommendation adopted*, No. 18-CV-141-DC, 2019 WL 856413 (W.D. Tex. Feb. 17, 2019).

The fact that Plaintiff invokes the Constitution does not save his suit from dismissal under this doctrine. When a civil rights suit is "inextricably intertwined" with a state-court judgment such that the suit is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit. *Liedtke*, 18 F.3d at 317 n.11 (collecting cases). Here, whether Plaintiff was deprived of any rights depends solely on the legal issues already ruled on by the state court. For the Court to find in his favor, it would have to contradict the state court judgments. Plaintiff's lawsuit, therefore, is "inextricably intertwined" with those judgments, and the Court lacks jurisdiction to hear this suit. *See Phinizy v. State of Ala.*, 847 F.2d 282, 282 (5th Cir. 1988) (holding that federal district court did not have subject-matter jurisdiction to review plaintiff's complaint challenging probate order, and plaintiff's attempt to obtain reversal of the probate court's judgment simply by casting her complaint as a federal civil rights action failed).

Even if the Court did have jurisdiction to hear this case, it would be dismissed as frivolous because Plaintiff has failed to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). While Plaintiff attempts to raise a claim under the Trading with the Enemy Act, 50 U.S.C. § 4309(a), that statute pertains to money or property seized from a foreign enemy or ally of a foreign enemy. Nothing in Plaintiff's Complaint suggests that he would qualify as a proper Plaintiff under this statute. Rather, because the Complaint is based on "fanciful" and "fantastic" allegations, it is subject to dismissal as frivolous. *Denton*, 504 U.S. at 32-33; *see also*

*Holt v. Treasurer of the United States*, No. 17-1967 (UNA), 2017 WL 11512151, at *1 (D.D.C. Nov. 9, 2017) (dismissing as frivolous plaintiff's claim under Trading with the Enemy Act).

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Brandon Stanford Lai's lawsuit as frivolous sunder 28 U.S.C. § 1915(e)(2).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 1, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE